**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**

ELECTRONICALLY
FILED
Mar 23 2021
U.S. DISTRICT COURT
Northern District of WV

HIGHLAND-CLARKSBURG HOSPITAL, INC.

     Plaintiff,

  v.

RSUI INDEMNITY COMPANY

     Defendant.

CIVIL ACTION NO. **1:21-CV-42 (Keeley)**
**CIRCUIT COURT NO. 21-C-49-1**

**NOTICE OF REMOVAL**

Defendant, RSUI Indemnity Company ("Defendant" or "RIC"), by and through its undersigned counsel, hereby files this Notice of Removal, and removes the above-entitled action from the Circuit Court of Harrison County, West Virginia, Civil Action No 21-C-49-1, to the United States District Court for the Northern District of West Virginia.  In support of this Notice of Removal, Defendant states as follows:

**I.  INTRODUCTION & BACKGROUND**

  1.  On or about February 23, 2021, Highland-Clarksburg Hospital, Inc. ("Plaintiff") filed a Summons and Complaint (the "Complaint") in the Circuit Court of Harrison County, West Virginia, in the action styled *Highland-Clarksburg Hospital, Inc v. RSUI Indemnity Company.*, Civil Action No. 21-C-49-1.  The Complaint, which comprises the entirety of all process, pleadings, and orders served upon Defendant, is attached as Exhibit A pursuant to 28 U.S.C. § 1446(a).

  2.  The West Virginia Secretary of State accepted service of the Complaint on behalf of RIC on February 23, 2021.  Thus, this Notice of Removal is filed within 30 days after receipt by RIC of Plaintiff's initial pleading, and is therefore timely filed under 28 U.S.C. § 1446(b).

3.      Defendant RIC received a copy of the Complaint by personal delivery on February 25, 2021.  Thus, this Notice of Removal is filed within 30 days after receipt by RIC of Plaintiff's initial pleading, and is therefore timely filed under 28 U.S.C. § 1446(b).

4.      Here, removal is appropriate based upon diversity jurisdiction. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      RIC issued to Plaintiff the following Non-Profit Organization Management Liability Policies that are the subject of this declaratory judgment action: (1) Non-Profit Organization Management Liability Policy No. NHP682977 for the period August 9, 2019 to August 9, 2020; and (2) Non-Profit Organization Management Liability Policy No. NPP688510 for the period August 9, 2021 (collectively referred to herein as the "Policies").

6.      Plaintiff seeks defense and indemnity insurance coverage under the Policies with respect to an underlying action styled *Karen M. Whiteman v. Highland-Clarksburg Hospital, Inc.*, Civil Action No. 20-C-265-1, filed in the Circuit Court of Harrison County, West Virginia (the "Underlying Action").  The complaint in the Underlying Action is attached as <u>Exhibit B</u>.

7.      In this action, Plaintiff alleges that it is entitled to insurance coverage benefits under the Policies in connection with claims asserted against it in the Underlying Action.

8.      Plaintiff seeks damages based upon claims for declaratory relief under the Policies and breach of contract.  Plaintiff also seeks damages for out-of-pocket expenses, attorneys' fees and expenses incurred, and damages for annoyance and inconvenience as permitted by *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W Va. 323, 352 S.E.2d. 73 (1986) and its progeny.  Based on

the foregoing, the Plaintiff seeks: (1) a declaratory judgment that the Defendant "owes HCHI a duty to defend and a duty of indemnification for all claims asserted against HCHI in the [Underlying Complaint]"; (2) damages including, but not limited to monetary losses, annoyance, inconvenience, aggregation, and attorneys' fees and expense; and (3) such other further relief as may be just and proper.  (Ex. A).

## II.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

9.    Civil actions commenced in a state court, over which federal district courts have original jurisdiction, may be removed by a defendant to the federal district court for the district and division embracing the place where the action is pending.  *See* U.S.C. § 1441(a).

10.    United States District Courts have original jurisdiction over all civil actions in which the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs), and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1).

11.    This action is removable from the Circuit Court of Harrison County, West Virginia, to the United States District Court of the Northern District of West Virginia on the basis of diversity subject matter jurisdiction, pursuant to 28 U.S.C. § 1331(a)(1) and 28 U.S.C. § 1441(a), because the action is between citizens of different States, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.  *See* 28 U.S.C. § 1441(b).

12.    Defendant hereby exercises its rights, under 28 U.S.C. § 1441, *et seq*., to remove this action from the Circuit Court of Harrison County, West Virginia, in which the action is now pending, to the United States District Court of the Northern District of West Virginia.

### A.  Diversity of Citizenship

13.    Plaintiff alleges in the Complaint that Plaintiff is a West Virginia corporation with a principal place of business in Clarksburg, West Virginia.  HCHI is authorized to conduct business

in West Virginia and actually conducts business in Harrison County, West Virginia (Ex. A. Compl. ¶ 2).

14.     For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1331(c)(1).

15.     RIC is a foreign corporation organized under the laws of the State of New Hampshire with its principal place of business at 945 East Paces Ferry Road, Atlanta, Georgia.

16.     As Plaintiff and Defendant are not citizens of the same state, complete diversity of citizenship exists between the parties under 28 U.S.C. § 1332(a)(2).

**B.  The Amount in Controversy Requirement is Satisfied**

17.     In addition to the requisite diversity of citizenship, the jurisdictional amount necessary to invoke federal subject matter jurisdiction on the basis of diversity is likewise satisfied in this case.

18.     Plaintiff seeks an unspecific amount from Defendant, which includes damages for monetary losses, annoyance, inconvenience, aggravation, and attorneys' fees and expenses. Plaintiff also seeks declaratory relief that would obligate RIC to defend and/or indemnify the Plaintiff with respect to the Underlying Action up to the limits of one of the Policies.

19.     When the amount of damages a plaintiff seeks in unclear, for example by failing to plead a specific dollar amount in the complaint, then the defendant must establish the jurisdictional amount by a preponderance of the evidence. *See Thomas v. FIA Card Services, Nat. Ass'n,* 2014 WL 4954389, at *4 (N.D. W.Va., Oct. 2, 2014); *see also, Weddington v. Ford Motor Credit*, 59 F. Supp.2d 578 (S.D.W.Va. 1999).

20.     The Court "may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount" is satisfied. *McGovern v. PPG*

4

*Industries, Inc.,* 2014 WL 1408077 (N.D. W.Va., April 11, 2014) (internal citations omitted).  For

example, the court may consider:

> the type and extent of   the plaintiff's injuries and   the   possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*See Bologna v. Enhanced Recovery Co., LLC*, 2015 WL 1780881 (N.D. W.Va. April 20, 2015).

21.    Each of the Policies has a $2 million Aggregate Limit of Liability subject to a

$75,000 retention.

22.    The plaintiff in the Underlying Action alleges age discrimination, hostile work

environment, retaliation, and wrongful termination against HCHI, as well as a claim for a tort of

outrage.

23.    Based upon the allegations raised against the plaintiff in the Underlying Action, the

limits of each of the Policies, and the allegations of the Complaint, upon information and belief,

defendant's counsel believes in good faith that the amount in controversy in this action exceeds

the sum of $75,000, exclusive of interest and costs.  *McGovern,* 2014 WL 1408077 (N.D. W.Va.,

April 11, 2014).  (finding counsel's good faith belief that amount in controversy exceeded $75,000

sufficient to establish case exceeds the jurisdictional threshold).

24.    For the foregoing reasons, this Court has subject matter jurisdiction over this matter

under 28 U.S.C. § 1332(a)(1).

25.    Written notice has been served upon the Plaintiff through their counsel and a copy

of this Notice of Removal will be filed with the Circuit Court of Harrison County, West Virginia.

26.     Notwithstanding this removal, Defendant does not waive and specifically reserves any and all objections, exceptions or defenses to the Complaint here, including but not limited to, moving to have this matter dismissed, stayed and/or transferred to another Court.

27.     Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant respectfully removes this action pending for decision in the Circuit Court of Harrison County, West Virginia to the United States District Court for the Northern District of West Virginia, request that this Court assume full jurisdiction, and grant such further relief as this Court deems just and appropriate.

Dated:   March 23, 2021                    Respectfully submitted,

By:   _____/s/ Jared Tully_____
                Jared Tully
        **FROST BROWN TODD LLC**
        United Bank Building
        500 Virginia Streat, East, Suite 1100
        Charleston, WV 25301
        Tel:  (304) 345-0111
        jtully@fbtlaw.com

        **TRESSLER LLP**
        Michael Delhagen, Esq. (MD 5555)
        Jennifer Zaluski, Esq. (4867776)
        TRESSLER LLP
        One Penn Plaza, Suite 4701
        New York, New York 10119
        Tel: (646) 833-0900
        mdelhagen@tresslerllp.com
        jzaluski@tresslerllp.com

        *Counsel for RSUI Indemnity Company*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of

the Court using the ECF system.  Notice of this filing will be sent to all parties via regular mail

to the following recipients:

Mychal S. Schulz, Esq. (WVSB No. 6092)
Babst, Calland, Clements & Zomnir, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301


*Counsel for Plaintiff Highland-Clarksburg Hospital, Inc.*

By:  _____/s/ Jared Tully_____
                    Jared Tully

**FROST BROWN TODD LLC**
United Bank Building
500 Virginia Streat, East, Suite 1100
Charleston, WV 25301
Tel:  (304) 345-0111
jtully@fbtlaw.com